Dan BUCKLEY, Plaintiff,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant.

No. 95 CV 2404 (BDP).

United States District Court, S.D. New York.

Dec. 27, 1995.

**218**

Robert Goodstein, Goodstein & West, New Rochelle, NY for Plaintiff.

Carol Sobin, Con Edison, New York City, for Defendant.

## MEMORANDUM DECISION
## and ORDER

PARKER, District Judge.

This action for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101–12213, and the New York State Executive Law § 296 is before this Court on defendant's motion to dismiss for failure to state a claim, pursuant to Rules 12(b)(6), 12(c) and 12(h)(2) of the Federal Rules of Civil Procedure.

The facts as alleged in the complaint are as follows. Plaintiff Dan Buckley was a management employee for defendant Consolidated Edison Company of New York, Inc. ("ConEd") from February 23, 1976 until July 1, 1994. In 1991, Buckley was identified as an "alcohol/substance abuser." In 1991 and 1993, Buckley received month-long treatment for alcohol/substance abuse in a residential treatment facility. Since 1991, ConEd has required Buckley to submit to random drug testing on approximately a monthly basis. Employees who are not identified as recovering alcohol/substance abusers are randomly tested approximately once every five years. Buckley also has a neurogenic bladder that prevents him from urinating under observation or on command.

On June 24, 1994, Buckley was called to ConEd's medical facility for drug testing, but failed to provide a urine specimen in the time allotted. His request for additional time was denied. Later, Buckley went to Beth Israel Hospital, where a urine specimen was taken from him under observation. The results were sent to ConEd. Nevertheless, Buckley was terminated from his employment on July 1, 1994.

On April 10, 1995, Buckley filed this action for monetary and injunctive relief alleging that he was denied the reasonable accommodation to which his disability entitled him and that he was terminated solely because of his disability. ConEd moves to dismiss on the grounds that Buckley has failed to allege that he has a disability under the ADA and that he was discriminated against because of his disability.

## DISCUSSION

█ The ADA provides that no employer "shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112. Under the ADA, a "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual ..." 42 U.S.C. § 12102(2). The complaint alleges that Buckley is an "alcohol/substance abuser." It is clear that substance abuse is a disability under the ADA. See *Teahan v. Metro-North Commuter Railroad Company*, 951 F.2d 511, 517 (2d Cir.1991); *Powell v. State of New York*, 869 F.Supp. 106, 109 n. 1 (N.D.N.Y.1994).[1]

█ Although the complaint alleges in conclusory fashion that Buckley was terminated because of his disability, the facts alleged do not support this conclusion. According to the facts alleged, Buckley was terminated because he failed to submit to drug testing. Specifically, he failed to produce a urine sample within the time allotted. He alleges that he is unable to urinate in public or on command because he suffers

---

1. Although these cases held that substance abuse was a "handicap" for purposes of the Rehabilitation Act, the Rehabilitation Act's definition of "handicapped," 29 U.S.C. § 706(8)(B), is virtually identical to the ADA's definition of "disability," 42 U.S.C. § 12102(2). Congress selected the term "disability" for the ADA, which extends the Rehabilitation Act's protection against discrimination against disability into the private sector, rather than "handicap" as used in the Rehabilitation Act, not because of any difference in meaning, but because the former term is less stigmatizing to disabled persons. S.Rep. No. 116, 101st Cong., 1st Sess. 2 (1989), U.S.Code Cong. & Admin.News 1990, 267, 304, 348–49.

from a "neurogenic bladder," and that ConEd failed to reasonably accommodate him by extending the time allowed for him to urinate. He has failed to allege, however, except in a conclusory manner, that a "neurogenic bladder" is a disability under the ADA, i.e., a physical or mental impairment that substantially limits one or more of his major life activities,[2] or that a "neurogenic bladder" is related to his substance abuse disability.

 Although, on a motion to dismiss, this Court is required to accept the allegations in the complaint as true and may not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), complaints containing only conclusory, vague or general allegations cannot survive a motion to dismiss. See, e.g., *Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97, 107 (2d Cir.1981).

Accordingly, defendant's motion to dismiss the complaint for failure to state a claim is granted without prejudice. If plaintiff fails to amend the complaint within 30 days, the dismissal shall be with prejudice, and the Clerk of the Court is directed to close the case.

SO ORDERED.

---

**2.** Buckley appears to have abandoned his claim that a neurogenic bladder is a disability under the ADA. He failed to address this claim in his opposition papers to ConEd's motion to dismiss.